THE CITY OF ASBURY PARK, PROSECUTOR, v. WALTER R. DARBY, DAVID T. WILENTZ AND W. H. THAYER-MARTIN, THE MUNICIPAL FINANCE COMMISSION OF THE STATE OF NEW JERSEY, RESPONDENTS.

Submitted October term, 1936—Decided March 31, 1937.

Before Justices PARKER and LLOYD.

For the prosecutor, *Ward Kremer* and *Harry Cassman*.

For the respondents, *William A. Stevens, E. J. Dimock* and *Arnold Frye*.

LLOYD, J.  The writ was issued to review a resolution of the municipal finance commission providing a budget for the city of Asbury Park and directing the state auditor to certify to the city council tax levies for debt service in the amount of $861,253.86.

The prosecutor contends that the commission possesses no such power.  We think it has.

The general purposes and powers of the commission are discussed in the case of *Hourigan* v. *North Bergen Township,* 113 *N. J. L.* 143; 172 *Atl. Rep.* 193, and it was there said that "The act confers upon the finance commission in respect to the municipality's financial affairs, powers somewhat akin to those exercised by receivers of insolvent corporations."

Chapter 292, laws of 1935, page 926 (*N. J. Stat. Annual 1935*, § *136-4700(355), provides that "whenever * * * the Municipal Finance Commission * * * shall function in any municipality, the auditor appointed by the Commission in and for such municipality shall, upon the adoption by the Commission of a resolution providing therefor, have, with respect to such municipality, authority to recommend the tentative annual budget to the governing body and to the Commission."

Section 2 providing that the commission may suspend or remove a public official failing to comply with the provision of any law, was repealed by chapter 10 of the laws of 1936, page 21. Section 6, however, provides that any resolution adopted by the commission pursuant to the act shall be binding on the municipality. *N. J. Stat. Annual* 1935, § *136-4700(360).

The auditor appointed by the commission for Asbury Park was authorized by it to prepare and recommend the tentative annual budget to the commission and to the city. This budget was approved by the commission and that body directed that the state auditor certify mandatory debt service appropriations as above set forth. It would seem that the statute contemplated that these recommendations when made should have binding force on the municipality. Such indeed we think is the plain effect of section 6 of the act, and if, as declared in the Hourigan case, *supra,* the act confers powers over the municipality's financial affairs somewhat akin to those exercised by receivers of insolvent corporations, it would be idle to treat the resolution of the commission touching the budget as a mere gesture.

The writ is dismissed, with costs.